UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA M. WASHINGTON,<br><br>             Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>             Defendant. | NO. EDCV 07-01068 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Latasha M. Washington ("Plaintiff") brings this action seeking to reverse and remand the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for Supplemental Security Income ("SSI") benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

|   |     | 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four. |
|---|-----|---|
|   | (4) | Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five. |
|   | (5) | Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled. |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

Plaintiff contends that the ALJ erred for a number of reasons. Incorporated into several of her arguments is her contention that the ALJ erred when he found that her depression did not constitute a "severe mental impairment" at step-two of the sequential evaluation process. For the reasons discussed below, the Court finds that the ALJ's decision should be reversed and this action remanded for further proceedings.

**The ALJ Failed To Properly Assess Plaintiff's Mental Health Impairment At Step Two Of The Evaluation Process**

Plaintiff argues that the ALJ erred by finding that her mental impairment was not severe. (Jt. Stip. at 12-13). Specifically, Plaintiff complains that the ALJ "ignored" a medical diagnosis by her treating physician of "Major Depression Disorder, Recurrent." (AR 315). She was also diagnosed with a GAF score of 50, which indicates "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." (Jt. Stip. at 12). Plaintiff received outpatient care for her depressive disorder at the Riverside County Department of Mental Health. (AR 17-18, 248-263, 301-309, 311-324).

By its own terms, the evaluation at step two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-154, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001)(stating

that the step two inquiry is a <u>de minimis</u> screening device to dispose of groundless claims)(quoting <u>Smolen</u>, 80 F.3d at 1290). An impairment is not severe only if the evidence establishes "a slight abnormality that has no more than a minimal effect on an individuals ability to work." <u>Smolen</u>, 80 F.3d at 1290 (internal quotations and citations omitted).

The ALJ here applied more than a <u>de minimis</u> test when he determined that Plaintiff's mental impairment was not severe. Moreover, he failed to follow the Secretary's own regulations governing the evaluation of mental impairments, as described below.

Where there is evidence of a mental impairment that allegedly prevents the plaintiff from working, as there is here, the Agency has supplemented the five-step sequential evaluation process with additional regulations.[3] <u>Maier v. Comm'r of the Soc. Sec. Admin.</u>, 154 F.3d 913, 914-15 (9th Cir. 1998)(citing 20 C.F.R. § 416.920a)(per curiam). First, the ALJ must determine the presence or absence of certain medical findings relevant to the plaintiff's ability to work. 20 C.F.R. § 416.920a(b)(1). Second, when the plaintiff establishes these medical findings, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. §

---

[3] These additional steps are intended to assist the ALJ in determining the severity of mental impairments at steps two and three. The mental RFC assessment used at steps four and five of the evaluation process, on the other hand, require a more detailed assessment. Social Security Ruling 96-8P, 1996 WL 374184 at * 4.

416.920a(c)(2)-(4).  Third, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment.  20 C.F.R. § 416.920a(d).  Fourth, when a mental impairment is found to be severe, the ALJ must determine if it meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 416.920a(d)(2).  Finally, if a listing is not met, the ALJ must then assess the plaintiff's RFC, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding the plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a(c)(3)]."  20 C.F.R. § 416.920a(d)(3), (e)(2).

The regulations describe an impairment as follows:

> A physical or mental impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques.  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statements of symptoms.

20 C.F.R. § 416.908; see also Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) (noting that the existence of a medically determinable physical or mental impairment may only be established with objective medical findings) (citing Social Security Ruling 96-4p, 1996 WL 374187 at *1-2).

Here, the ALJ failed to thoroughly discuss or address the medical evidence when making his step-two evaluation. Defendant argues that the records did not indicate any "acute mental crisis," (Jt. Stip. at 4), but an "acute mental crisis" is not required for the step-two "severity" evaluation. Plaintiff provided objective medical evidence demonstrating that her depression is more than "a slight abnormality" and that her depression has "more than a minimal effect" on her ability to work. Smolen, 80 F.3d at 1290 (internal quotations and citations).

Objective medical findings indicate that Plaintiff suffered from a mental health impairment. See 20 C.F.R. § 416.927(a)(2) ("Medical opinions . . . that reflect judgments about the nature and severity of [a plaintiff's] impairment(s), including symptoms, diagnosis and prognosis," are evidence that a plaintiff may submit in support of his disability claim). The ALJ, however, failed to follow the Secretary's regulations for evaluating mental impairments. Moreover, although the step-two analysis has been recognized as a de minimis test designed to identify and dismiss only frivolous claims, the ALJ found that she did not have a "severe" mental impairment at step-two. Thus, the ALJ applied more than a de minimis test and his conclusion at step two that Plaintiff does not suffer from a severe mental impairment was error. See 20 C.F.R. § 416.920a(b)(1).

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. See Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Because the ALJ improperly

evaluated Plaintiff's mental health impairment at step two, the case must be remanded to remedy this defect.

Upon remand, the ALJ must conduct the supplemental evaluation of mental impairment evidence. Normally, the ALJ must first determine the presence or absence of certain medical findings relevant to the plaintiff's ability to work. 20 C.F.R. § 416.920a(b)(1). However, this Court has determined that there is objective medical evidence that Plaintiff suffers from a mental impairment relevant to her ability to work. Thus, the ALJ need not address this question. Accordingly, the ALJ must only complete the remaining inquiries required in the supplemental evaluation of mental impairment evidence.[4]

\\
\\
\\
\\
\\

---

[4] Specifically, the ALJ must rate the degree of functional loss resulting from the impairment by considering four areas of function: (a) activities of daily living; (b) social functioning; (c) concentration, persistence, or pace; and (d) episodes of decompensation. 20 C.F.R. § 416.920a(c)(2)-(4). Next, after rating the degree of loss, the ALJ must determine whether the claimant has a severe mental impairment. 20 C.F.R. § 416.920a(d). If the mental impairment is found to be severe, the ALJ must determine if it meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920a(d)(2). Finally, if a listing is not met, the ALJ must then assess the plaintiff's RFC, and the ALJ's decision "must incorporate the pertinent findings and conclusions" regarding he plaintiff's mental impairment, including "a specific finding as to the degree of limitation in each of the functional areas described in [§ 416.920a(c)(3)]." 20 C.F.R. § 416.920a(d)(3), (e)(2).

# CONCLUSION

Consistent with the foregoing, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 31, 2008.

_____/s/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE